IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAY L. BAKER, | : |
|     **Plaintiff** | : Civil No. 1:14-cv-1634 |
|     v. | : |
| SARAH AUSTIN; ROXXANNE GARDNER; and AUSTIN LAW FIRM, | : |
|     **Defendants** | : **Judge Sylvia H. Rambo** |

## **M E M O R A N D U M**

In this legal malpractice action, Plaintiff has sued his former attorneys and the law firm with which they were associated, alleging that Defendants committed legal malpractice related to their representation of Plaintiff in connection with claims he sought to bring against his former employer. Presently before the court is Defendants' motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the following reasons, the motion will be granted.

## **I.      Background**

Plaintiff, proceeding pro se, initiated this action on August 21, 2014. (Doc. 1.) On November 24, 2014, the court directed the clerk of court to file the complaint filed by Plaintiff at Docket Number 1:14-cv-2026 as an amended complaint in the captioned action. (Doc. 21.) A fair reading of Plaintiff's complaint leads the court to interpret it as asserting a cause of action for legal malpractice, wherein Plaintiff alleges that he retained Defendant Austin Law Firm LLC on November 4, 2008, to represent him in connection with a suit against his former employer. (Doc. 22, ¶ 3.) Plaintiff alleges that Defendant, whom he identifies only

as Sarah Austin (*id.* at ¶ 2), "missed the deadlines for filing suit" and conclusively states that she "failed to know and apply [the] law" (*id*. at ¶ 3). Although Plaintiff lists Sarah Austin, Roxxanne [sic] Gardner, and Austin Law Firm as defendants in the caption, he only identifies Sarah Austin as a defendant in the factual portion of the complaint. (*See id* at ¶ 2.)

Based on this allegation, Plaintiff filed the instant complaint asserting causes of action for: (1) legal malpractice; (2) negligence; (3) misrepresentation; and (4) improper withdrawal. (Doc. 22, ¶ 1.) On October 1, 2014, Defendants filed a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure due to lack of diversity of citizenship under 28 U.S.C. § 1332 and failure to state a claim.[1] On October 17, 2014, after the time for filing a responsive brief had closed, Plaintiff filed a motion for an extension of time to file a brief in opposition (Doc. 15), which the court granted on October 31, 2014, extending the responsive deadline to November 12, 2014 (Doc. 16). On November 5, 2014, to help guide Plaintiff in his prosecution of this matter, the court issued an order that, *inter*

---

[1] On October 20, 2014, Defendant initiated another civil action at docket number 1:14-CV-2026, by filing a nearly identical complaint against the exact same defendants. (*Baker v. Austin*, Civ. No. 1:14-cv-2026, Doc. 1, Compl. (M.D. Pa. Oct. 20, 2014).) Indeed, a comparison between the two documents revealed that the subsequently filed document was a mere photocopy of the first, with the addition of the words "(Attachment No.3)" in paragraph 3, and the physical attachment of several more exhibits. (*Compare id.*, *with* Doc. 1; *see also* Doc. 22.) The court assumed it was Plaintiff's intention to file an amended complaint rather than initiate an entirely new action. Accordingly, on October 23, 2014, the court issued a rule directing the parties to show cause why the action at Docket Number 1:14-cv-2026 should not be consolidated at Docket Number 1:14-CV-1634. (*Baker*, Civ. No. 1:14-cv-2026, Doc. 6 (M.D. Pa. Oct. 23, 2014).) Defendants filed a response to the Rule on November 6, 2014, indicating that they have no objection to the consolidation of Civ. No. 1:14-cv-2026 with Civ. No. 1:14-cv-1634. (Doc. 11.) On November 24, 2014, having received no response from Plaintiff and finding good cause to do so, the court ordered the actions be consolidated and the complaint filed at Docket Number 1:14-cv-2026 be filed by the Clerk of Court at Docket Number 1:14-cv-1634 as an amended complaint. (Doc. 21.) Thus, the complaint originally filed at Docket Number 1:14-cv-2026 is the operative document subject to Defendants' motion to dismiss.

*alia*, reiterated the date on which Plaintiff was to file his brief in opposition. (Doc. 17.) The date for responding has since passed and Plaintiff has failed to file an opposition. Nevertheless, in order to ensure Plaintiff's claim ensures due consideration and in light of his pro se status, the court will address Defendants' motion to dismiss on the merits.

## II.      Legal Standard

Defendants bring this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) which directs dismissal of the complaint when the court "lack[s] subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). In determining whether the court has subject-matter jurisdiction, the court must decide "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (citations omitted). Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A facial attack serves to contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true. *Id.* Dismissal under a facial challenge is proper only when the claim appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or is wholly insubstantial and frivolous. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408–09 (3d Cir. 1991). Such an attack can occur before the moving party has filed an answer or otherwise contested the factual allegations in the complaint. *Aichele*, 757 F.3d at 358.

In contrast, a trial court considering a factual attack, *i.e.*, an attack based on the sufficiency of a jurisdictional fact, accords a plaintiff's allegations no presumption of truth. *Id.* Where subject matter jurisdiction "in fact" is challenged, the trial court's very power to hear the case is at issue, and the court is therefore "free to weigh the evidence and satisfy itself as to the power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings." *Id.*

### III. Discussion

Defendants primarily argue that Plaintiff's complaint should be dismissed because the court lacks subject matter jurisdiction. Specifically, Defendants raise a facial attack and contend that complete diversity of citizenship does not exist pursuant to 28 U.S.C. § 1332. *See Aichele*, 757 F.3d at 358 (citing *Mortensen*, 549 F.2d at 892 n.17 ("A factual jurisdictional proceeding cannot occur until [the] plaintiff's allegations have been controverted.")). Defendants assert that Plaintiff and "all of the Defendants named in this lawsuit are identified by Plaintiff as citizens of [Pennsylvania]." (Doc. 11, p. 13 of 23.)

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993). In the instant case, Plaintiff's complaint premises jurisdiction on a federal question. The federal question statute provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28

U.S.C. § 1331.  For jurisdiction to exist under this statute, a federal question must be "presented on the face of the plaintiff's properly pleaded complaint."  *Berne Corp. v. Government of V.I.*, 570 F.3d 130, 136 (3d Cir. 2009) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  "To confer federal question jurisdiction, plaintiffs 'must assert a claim founded directly upon federal law.'" *Chadda v. Magady*, Civ. No. (E.D. Pa. Dec. 20, 2011) (citing *Krupnick v. Union Nat'l Bank*, 470 F. Supp. 1037, 1038 (W.D. Pa. 1979)).

Plaintiff categorized this action as a "federal question" case; however, even granting the pleadings the liberal construction allowed to pro se plaintiffs, the complaint does not present a federal question.  Plaintiff's claims include state law tort claims for legal malpractice, negligence, misrepresentation, and "improper withdrawal." (Doc. 22, ¶ 1.)  These are state law causes of action outside the jurisdiction of Section 1331.  The conclusion that Plaintiff's claims sound in Pennsylvania – rather than federal – law is bolstered by Plaintiff citation to "Title 552 PA 275," which the court interprets as a citation to a Pennsylvania Supreme Court case, *Kituskie v. Corbman*, 714 A.2d 1027 (1998), that involved a legal malpractice action brought against an attorney by a former client based on the attorney's failure to file a personal injury action within the applicable statute of limitations period.  (Doc. 22, ¶ 1.)  None of these claims create a federal cause of action and, therefore, are not properly within the jurisdiction of this court.

Moreover, Plaintiff's complaint cannot survive even if interpreted as invoking jurisdiction premised upon diversity of citizenship.  The diversity jurisdiction statute provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Section 1332 has consistently been held to require complete diversity of citizenship, that is, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). The burden is on the plaintiff to establish that diversity of citizenship exists. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 301 n.3 (3d Cir. 2006) (stating that "[n]o presumptive truthfulness attaches to [the] plaintiff's allegations . . . the plaintiff will have the burden of proof that jurisdiction does in fact exist").

The court will assume Plaintiff's demand for $95,000.00 satisfies the amount in controversy requirement. *Independent Mach. Co. v. International Tray Pads & Packaging, Inc.*, 991 F. Supp. 687, 690-91 (D.N.J. 1998) ("Courts will generally accept a party's good faith allegation of the amount in controversy."). However, complete diversity of citizenship is lacking because Plaintiff and, at least, Defendants Sarah Austin and Austin Law Firm are each citizens of Pennsylvania. Indeed, Plaintiff highlights 226 E. Market Street, York, Pennsylvania 17403 as Defendants' address. (*See* Doc. 22, p. 8 of 21.) Accordingly, complete diversity does not exist.[2]

To the extent elimination of the non-diverse parties could result in complete diversity, Plaintiff's complaint falls far short from demonstrating that Sarah Austin or Austin Law Firm are dispensable to the action. *See Enza Inc. v. We The*

---

[2] Although not alleged by Plaintiff and carefully omitted by Defendants, the court has reason to believe Roxane Gardner is a citizen of North Carolina. (*See* Doc. 22, p. 8 of 21.) However, because the only defendants identified in the factual averments of the complaint are citizens of Pennsylvania, complete diversity is lacking and the court is without subject matter jurisdiction.

*People Inc.*, 838 F. Supp. 975, 978 (E.D. Pa. 1993) (stating that the plaintiff has the burden of demonstrating that a party is dispensable). Indeed, Gardner's name does not appear once in the factual averments of Plaintiff's complaint. (*See generally* Doc. 22.) Rather, Plaintiff states that "Plaintiff had trust in [the] *Sarah Austin Law Firm*[ ] to handle his claims against his former employer" and that "Defendant," who is identified in the complaint only as Sarah Austin, "missed [the] deadline for filing suit and failed to know and apply to [sic] law." (Doc. 22, ¶ 3 (emphasis supplied).) Although the court may infer that Gardner represented Plaintiff at some time and was employed by Austin Law Firm, the basis for Plaintiff's action appears to arise from the conduct of Sarah Austin and the Austin Law Firm, not that of Gardner. Because the only tortfeasors in this action, according to Plaintiff's factual averments, are Sarah Austin and Austin Law Firm, the court cannot conclude that Sarah Austin and Austin Law Firm are dispensable parties and will not impute tortious conduct unto Gardner. Thus, the court is precluded from retaining diversity jurisdiction by dismissing the non-diverse parties. *See Publicker Indus. Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065, 1069 (3d Cir. 1979) ("[T]he district court is precluded from retaining diversity jurisdiction by dismissing a non-diverse party, if that party is indispensable under Fed. R. Civ. P. 19.").

Furthermore, the court notes that dismissal would not deprive Plaintiff of a Pennsylvania state forum. Subsequent to dismissal, Plaintiff could transfer the matter to a Pennsylvania state court by following the statutory prerequisites set forth in 42 Pa. C.S. § 5103(b). *Weaver v. Marine Bank*, 683 F.2d 744, 746 (3d Cir. 1982) (explaining that, "[w]hen a matter is brought in a [federal] court which does not have jurisdiction . . . the case [may] be transferred to the proper court of the

Commonwealth . . . [and] the matter "shall be treated as if originally filed in the (state) court").

This court's lack of jurisdiction over the instant action cannot be cured by amendment. Thus, the court concludes that allowing Plaintiff to amend the complaint would be futile because re-pleading is futile after dismissal for lack of subject matter jurisdiction as the "legal inadequacy cannot be solved by providing a better factual account of the alleged claim." *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 517 (3d Cir. 2007).

## IV.        Conclusion

For the foregoing reasons, the court will dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and withhold leave to amend. An appropriate order follows.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  November 24, 2014.